TERESA COLLAZO VIUDA DE TEXIDOR, promovente y apelante, *v.* EL PUEBLO DE PUERTO RICO, opositor y apelado.

No. 5832.—*Sometido:* Diciembre 7, 1933. *Resuelto:* Febrero 7, 1934.

*R. H. Blondet,* abogado de la apelante; *Hon. Procurador General Benjamín J. Horton* y *Harry B. Llenza,* abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Teresa Collazo viuda de Luis Texidor Ortiz solicita que se declare a favor del que fué su esposo el dominio de un predio de terreno compuesto de 50 cuerdas, radicado en el barrio Carite del término municipal de Guayama, que linda al norte con don Carlos H. Blondet, al sur con don Rafael Larrauri, al este con don Juan Poventud y al oeste con don Miguel Madera y don José Rivera.

Se alega que la descrita finca la adquirió Luis Texidor Ortiz estando casado con la promovente, por escritura pública otorgada en San Juan en 27 de mayo de 1921, por compra a Luis Texidor 2do. y a su esposa Josefina Costoso, quienes hubieron la referida finca por compra a María Magdalena Cintrón; que la referida María Magdalena Cintrón la adquirió por compra a Tomás de la Cruz Rivera, quien la adquirió por herencia de su padre Santos de la Cruz; que éste la adquirió por compra a sus hijos legítimos de su primer matrimonio Tomás, Inés, y María Segunda de la Cruz Rivera y de Nicolás León Rivera, como heredero este último de su hija Jacinta León de la Cruz. Se añade que tanto la promovente como sus anteriores dueños vienen poseyendo la finca descrita pública y pacíficamente, sin interrupción alguna, a título de dueños, por más de treinta años entre presentes. Todas estas trasmisiones de dominio se llevaron a cabo mediante escrituras públicas otorgadas ante notario.

Alega por último la promovente que careciendo dicha finca de título inscrito inscribible, promueve la presente informa-. ción para inscribir a nombre de Luis Texidor Ortiz el dominio de la mencionada finca, y solicita de la corte que previos los trámites legales dicte resolución final declarando justificado el dominio de la referida finca a favor de Luis Texidor Ortiz, y disponiendo que se verifique la inscripción de la misma en el Registro de la Propiedad del Distrito de Guayama, a nombre del referido Luis Texidor Ortiz.

El Pueblo de Puerto Rico se opuso a la información promovida por la Sra. Texidor, alegando que es dueño de un predio de terreno baldío, ubicado en el barrio Carite, de la jurisdicción de Guayama, con una superficie de 250 cuerdas y que la finca que se describe en la petición forma parte de las 250 cuerdas pertenecientes al Pueblo de Puerto Rico e inscritas a su nombre en el Registro de la Propiedad de Guayama.

Esta información de dominio se inició en 15 de mayo de 1925. La Corte de Distrito de Guayama dictó sentencia declarando sin lugar la petición de dominio y con lugar la oposición formulada a dicha petición en 29 de abril de 1927. La promovente interpuso recurso de apelación y en 21 de junio de 1930 las partes comparecieron ante esta corte y de común acuerdo solicitaron que se ordenase la reapertura del caso en la Corte de Distrito de Guayama y se tuviese por desistida de su apelación a la promovente en caso de concederse la reapertura solicitada. Abrióse el caso de nuevo en la Corte de Distrito de Guayama y celebrada la vista del mismo, con la aportación de la prueba ofrecida por las partes, la corte declaró sin lugar la información de dominio promovida por la peticionaria, quien no conforme con esta sentencia interpuso el presente recurso de apelación.

El título de dominio alegado por la promovente a favor de su fenecido esposo arranca de una escritura otorgada en mayo 7 de 1859, en virtud de la cual aparece don Pablo José Aponte trasmitiendo a Leocadia Rivera su "derecho de

propiedad, dominio y señorío'' de un predio de terreno de 50 cuerdas colindante con doña Francisca Colón, doña Cruz Aponte y el río. Este documento, con vista de otros complementarios, fué inscrito en el Registro de la Propiedad de Guayama en septiembre de 1929 con los defectos subsanables de no expresarse las colindancias de la finca en relación a sus puntos cardinales y de no decirse la edad y vecindad de doña Leocadia Rivera.

La referida señora falleció en 16 de enero de 1875. En 17 de febrero del mismo año, su esposo, don José de los Santos Cruz y Rodríguez, en una escritura de descripción de bienes otorgada ante el notario José Mariano Capó y Alvarez, hizo constar que su referida esposa dejó ''por hijos en el matrimonio contraído con el exponente a los nombrados Tomás, Pablo, Inés, Eustaquia, Vicente y Segunda, y además quedó también como hijo de su expresada esposa, procreado antes de su enlace con el compareciente, el llamado Vicente.'' En esta escritura de descripción de bienes aparece una finca de 50 cuerdas de terreno aportada por Leocadia Rivera al matrimonio contraído con Santos Cruz Rodríguez.

Inés Cruz Rivera, Tomás Cruz Rivera y María Segunda Cruz Rivera, hijos de doña Leocadia Rivera y José de los Santos Cruz Rodríguez, vendieron a este último su participación en los bienes relictos al fallecimiento de su señora madre, entre los cuales figuraba un predio de terreno de 50 cuerdas valorado en $250. Los dos primeros herederos aparecen otorgando carta de pago a favor de José de los Santos Cruz, por el importe total de su herencia, en 6 de septiembre de 1894, ante el notario José Mariano Capó, y la última hace idéntica declaración en escritura pública otorgada ante el mismo notario en 20 de febrero de 1897. También se otorgó escritura de carta de pago a favor de José de los Santos Cruz Rodríguez por la participación hereditaria de Eustaquia Cruz Rivera.

Como se ve, los herederos de doña Leocadia, con excepción de Pablo y Vicente, aparecen trasmitiendo a su padre

José de los Santos Cruz Rodríguez su participación en los bienes que heredaran de su señora madre. Doña Leocadia tuvo, con anterioridad al matrimonio, un hijo llamado Vicente, que parece ser el mismo que se menciona en la escritura de descripción de bienes otorgada por don José de los Santos Cruz y Rodríguez. No se expresa claramente si además de este hijo habido antes del matrimonio doña Leocadia tuvo otro hijo del mismo nombre en su matrimonio con don José de los Santos Cruz Rodríguez. Nos inclinamos a creer que sólo hubo un hijo llamado Vicente.

José de los Santos Cruz Rodríguez, en su testamento otorgado en 4 de noviembre de 1913, declara que en su primer matrimonio con doña Leocadia Rivera tuvo varios hijos premuertos sin sucesión, quedándole los llamados don Tomás, don Pablo, doña Inés y doña María Segunda. En 8 de agosto de 1917, Tomás Cruz Rivera, hijo de don José de los Santos Cruz Rodríguez, aparece vendiendo a doña María Ortiz una finca rústica sita en el barrio de Carite, de 50 cuerdas de cabida, en lindes al norte con don Carlos Blondet, al sur don Rafael Larrauri, al este don Juan Poventud y al oeste Miguel Madera y José Rivera. Declara el vendedor que esta finca le pertenece por adjudicación en pago de parte de su haber hereditario paterno, según consta de las operaciones particionales del caudal relicto al óbito del finado don José de los Santos Cruz, cuyas operaciones fueron aprobadas por la Hon. Corte de Distrito de Guayama en 24 de noviembre de 1916. Esta finca, a juicio de la promovente, es la misma que fué de doña Leocadia y que compró su esposo Luis Texidor Ortiz. Es ésta la primera vez que la referida finca aparece descrita con sus puntos cardinales que coinciden con los del inmueble que se describe en esta información de dominio, siendo de notar que un río que colindaba con la antigua finca no se mencione en esta última descripción.

La prueba demuestra claramente que José de los Santos Cruz Rodríguez adquirió por compra las participaciones de sus hijos Inés, Tomás, María Segunda y Eustaquia Cruz Ri-

vera en los bienes relictos al fallecimiento de doña Leocadia, entre los cuales figuraba una finca de 50 cuerdas de terreno, ubicada en el barrio de Carite Arriba, lindando con doña Francisca Colón, doña Cruz Aponte y el río. En el año 1861 aparece doña Leocadia pagando la cuota de 38 centavos de contribuciones en el pueblo de Cayey, por 50 cuerdas de terreno en el barrio de Carite Arriba. Hay dos herederos que no aparecen trasmitiendo su participación hereditaria a persona alguna: Pablo, hijo de doña Leocadia y don José de los Santos Cruz, y Vicente Aponte Rivera, hijo natural de Pablo José Aponte y doña Leocadia, procreado antes del matrimonio de esta última con José de los Santos Cruz Rodríguez. Este último heredero, que, según se dice en la escritura de carta de pago otorgada por Tomás e Inés Cruz Rivera en 1894, falleció con posterioridad a su señora madre, no pudo trasmitir ningún derecho hereditario a José de los Santos Cruz, quien no era su padre, y no habiéndose probado que Vicente y Pablo se hayan desprendido de su participación hereditaria en los bienes de doña Leocadia, no puede decirse que se haya acreditado el dominio de la totalidad de la finca a favor de Luis Texidor Ortiz. En el testamento otorgado por José de los Santos Cruz Rodríguez en 4 de noviembre de 1913, Pablo Cruz Rivera figura entre los hijos del testador que en esa fecha vivía. No hay en los autos prueba alguna que nos oriente con respecto a la suerte que corriera la participación hereditaria de este hijo y heredero de doña Leocadia Rivera. En cuanto a Vicente Aponte Rivera y Pablo Cruz Rivera no puede alegarse con éxito favorable que sus derechos sobre el inmueble que fué de doña Leocadia han prescrito, porque según se deduce de la prueba documental, que es la única sometida a la consideración de esta corte, José de los Santos Cruz Rodríguez reconoció siempre la participación de sus hijos en la herencia de su esposa, y no puede decirse que poseyera en concepto de dueño las participaciones que no le fueron trasmitidas.

Ahora bien, cuando se inició esta información de dominio

en 1925, el título de Leocadia Rivera, adquirido en 1859, no había sido inscrito en el registro de la propiedad. La promovente hizo inscribir este título en 1929. Bien pudo alegarse en 1925, cuando se radicó el escrito inicial, que debido a las diversas trasmisiones del inmueble, difíciles de reconstruir para ser inscritas, la promovente acudía al medio supletorio del expediente de dominio para facilitar la inscripción. En el caso de *Bermúdez* v. *Morales,* 42 D.P.R. 429, se ratifica la doctrina sentada en los casos de *Wiscovich* v. *Registrador,* 30 D.P.R. 127 y *Canino* v. *Registrador,* 31 D.P.R. 434, y se añade:

"Lo normal es que cuando una finca esté inscrita, no se acuda al medio supletorio del expediente de dominio que autoriza la Ley Hipotecaria, pero cuando se trata de casos como éste en que la inscripción data de 1880 y hubo luego tan variadas trasmisiones, difíciles de reconstruir totalmente para ser inscritas, se está justificado en acudir al dicho medio supletorio. . ."

En el presente caso, cuatro años después de iniciado este expediente de dominio, se inscribió el título de doña Leocadia, adquirido en 1859, sin que aparezca que se haya inscrito ninguna trasmisión posterior. Sin embargo, en la nueva vista de esta causa, celebrada en 1931, la promovente ofreció como prueba los documentos relacionados en esta opinión, que, según se alega, constituyen una concatenación de títulos donde se acreditan las trasmisiones sucesivas del inmueble mencionado, partiendo del título de doña Leocadia hasta el último adquirente, don Carlos H. Blondet. Si realmente existe esta concatenación de títulos y las diversas trasmisiones del referido inmueble han sido reconstruídas, como se alega, parece natural que se hubiese intentado su inscripción en el registro de la propiedad, de la misma manera que se inscribió el título original. No comprendemos cómo pueda procederse a una nueva inscripción de la misma finca, prescindiendo de estas trasmisiones, sin ordenar la cancelación de la inscripción del título otorgado a favor de doña Leocadia en 1859.

Pero asumiendo, para los efectos de la argumentación

únicamente, que pudiéramos saltar por encima de estas cuestiones de procedimiento, para decir que Luis Texidor Ortiz, o cualquier adquirente posterior, es dueño de las cuotas o interés en dicha finca, pertenecientes a los herederos de doña Leocadia que vendieron a José de los Santos Cruz Rodríguez sus participaciones en los bienes relictos al fallecimiento de dicha señora, siempre tropezaríamos con la dificultad de no haberse probado que la finca que perteneció a doña Leocadia es la misma que se describe en este expediente de información de dominio.

Deseamos hacer constar que la transcripción de evidencia unida a los autos consiste únicamente de la prueba documental aportada por la promovente en la nueva y última vista de esta causa ante la corte inferior. La prueba presentada en la primera vista celebrada ante el fenecido Juez, Hon. Rafael López Antongiorgi, no ha sido elevada a este Tribunal. El título inscrito en el registro a favor de doña Leocadia se limita a decir que la finca colinda con doña Francisca Colón, doña Cruz Aponte y el río, sin señalar los puntos cardinales. La finca que se describe en el escrito inicial, aparece colindando al norte con don Carlos H. Blondet, al sur con don Rafael Larrauri, al este con don Juan Poventud y al oeste con don Miguel Madera y don José Rivera. Aparte de estas variantes en las colindancias, no hay en los autos prueba alguna, admitida por la corte inferior, que explique, por qué el río que colindaba antiguamente con la finca de la cual pretende derivar sus derechos Luis Texidor Ortiz, no aparece colindando con la finca descrita en el escrito inicial.

Se ofreció como prueba por la promovente un acta aclaratoria que fué objetada por la parte contraria y que no fué admitida por la corte. La promovente tomó excepción, pero no ha planteado esta cuestión ante nosotros en su señalamiento de errores ni hace mención de la misma en ninguna parte de su alegato. En esta acta aclaratoria otorgada ante el notario José J. Aponte en 7 de marzo de 1930, dice Tomás Cruz Rivera que su padre José de los Santos Cruz Rodrí-

guez, previo testamento que otorgó en Guayama en 16 de agosto de 1915, por escritura pasada con el número 54 ante el abogado-notario don Antonio Rodríguez, hizo constar que la finca rústica de su propiedad, compuesta de 50 cuerdas, tenía para la fecha expresada las colindancias siguientes: Al norte Carlos Blondet, al sur Rafael Larrauri, al este Juan Poventud y al oeste Miguel Madera y José Rivera; antes colindaba al norte y este Francisca Colón, por el sur Cruz Aponte y al este el Río de la Plata. Este testamento, que según Tomás Cruz Rivera fué otorgado por su padre en 16 de agosto de 1915, no ha sido presentado como prueba. El único testamento que obra en autos, es el que fué otorgado por José de los Santos Cruz Rodríguez en 4 de noviembre de 1913.

Aclara Tomás Cruz Rivera en el acta referida, que "aunque aparece en las últimas escrituras donde se describe esta finca de cincuenta cuerdas que la misma colinda por el oeste con don Miguel Madera y don José Rivera, y en la primera escritura ya inscrita en el registro de la propiedad del distrito, que fué la cesión que hiciera don Pablo José Aponte a doña Leocadia Rivera, madre ésta del otorgante Tomás Cruz y Rivera, aparece esa colindancia del oeste con el Río de la Plata es porque dicho río divide la finca de cincuenta cuerdas ya expresada con las fincas de los mencionados don Miguel Madera y don José Rivera." No habiendo sido este documento admitido como prueba, nos abstenemos de emitir juicio alguno acerca de la aclaración que ofrece Tomás Cruz Rivera para explicar por qué el río no aparece colindando con la referida finca. Queremos dejar a la parte promovente en completa libertad para corregir, por los medios que la ley determina, los defectos subsanables señalados por el registrador de la propiedad.

*Es por estas razones que debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf está conforme con el resultado.

La promovente solicita la reconsideración de nuestra sentencia, basándose principalmente en que no hemos resuelto la oposición formulada por El Pueblo de Puerto Rico. No tenemos para qué resolverla. La promovente inició un expediente de información de dominio que la corte no puede resolver favorablemente, formúlese o no oposición, mientras no se prueben los hechos esenciales alegados en el escrito inicial. Alega dicha promovente que su esposo, Luis Texidor Ortiz, deriva sus derechos al inmueble cuya declaración de dominio se solicita, de un título que se remonta al año de 1859 y que ha sido inscrito en el registro de la propiedad con el defecto subsanable de no expresarse las colindancias de la finca en relación a sus puntos cardinales. En efecto, se trata de un predio de terreno de 50 cuerdas, colindante con doña Francisca Colón, doña Cruz Aponte y el río. La promovente no ha probado que esta finca sea la misma descrita en la solicitud. El inmueble que se describe en el escrito inicial aparece colindando al norte con don Carlos Blondet, al sur con don Rafael Larrauri, al este con don Juan Poventud y al oeste con don Miguel Madera y don José Rivera. No se explica por qué ha desaparecido la colindancia del río con la antigua finca, de la cual pretende derivar sus derechos el Sr. Texidor.

En un acta aclaratoria otorgada ante notario por Tomás Cruz Rivera se hace referencia a un testamento otorgado en 16 de agosto de 1915 por José de los Santos Cruz, donde se dan las colindancias que entonces tenía la finca de 50 cuerdas, que resultan ser las mismas que se expresan en el escrito inicial.

No tenemos ninguna otra información acerca de la existencia de este documento, que no fué ofrecido como prueba.

El único testamento que obra en autos es el que fué otorgado por José de los Santos Cruz en 4 de noviembre de 1913, y en este documento no se habla de las colindancias de la finca. En el acta aclaratoria, que tampoco fué admitida como prueba, dice Tomás Cruz Rivera que la finca inscrita en el registro aparece colindando por el oeste con el Río de la Plata, y precisamente el registrador apuntó el defecto subsanable de no expresarse las colindancias del inmueble en el documento que le fué presentado en relación a sus puntos cardinales. No es cierto que la finca aparezca colindando por el oeste con el Río de la Plata. Nos abstuvimos de emitir juicio alguno acerca de dicha acta aclaratoria, porque no constituye evidencia en el caso, y para dejar a la parte promovente en completa libertad de corregir, por los medios que la ley determina, los defectos subsanables señalados por el registrador de la propiedad.

La prueba documental que ofreció la promovente en apoyo del título alegado a favor de Luis Texidor Ortiz, se refiere exclusivamente a la antigua finca que fué de doña Leocadia, y no se ha probado que esta finca sea la misma que se describe en el escrito inicial. Huelga, por lo tanto, resolver la cuestión planteada por El Pueblo de Puerto Rico, oponiéndose a que se declare a favor de Luis Texidor Ortiz el dominio de una finca que no ha sido identificada.

No hemos estudiado en nuestra opinión evidencia testifical alguna, porque como ya dijimos, y repetimos ahora, la transcripción de evidencia unida a los autos consiste únicamente de la prueba documental aportada por la promovente en la nueva y última vista de esta causa ante la corte inferior. La prueba presentada en la primera vista celebrada ante el fenecido Juez, Hon. Rafael López Antongiorgi, no ha sido elevada a este Tribunal.

*No ha lugar a la reconsideración solicitada.*