Lucila Ortiz, etc., demandante y recurrida, *v.* Luis Fernando Burgos y Pedro Burgos, demandados y recurrente el último.

Número: 12724   Resuelto: 16 de marzo de 1962

*C. Domínguez Rubio* y *F. Navarro Ortiz,* abogados del recurrente; *Helios A. Zeno,* abogado de la demandante y de la Sociedad Para Asistencia Legal de Puerto Rico.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 13 de enero de 1959 la demandante Lucila Ortiz recurrió al Tribunal Superior, Sala de Guayama, en reclamación de alimentos para sus hijos Luis Fernando y Pedro Luis Burgos, quienes contaban entonces tres y dos años de edad respectivamente. Como resultado de la primera comparecencia celebrada se determinó que el padre demandado se encontraba en una situación económica precaria—recibía compensación por desempleo como veterano de las fuerzas armadas—lo que le impedía cubrir adecuadamente las necesidades de sus dos hijos mencionados, que habían sido el fruto de relaciones extramaritales. Ante esta situación la demandante solicitó y obtuvo permiso del tribunal para enmendar la demanda a los fines de incluir como parte demandada a Pedro Burgos, abuelo paterno de los menores, persona de reconocida solvencia.

El demandado Pedro Burgos alegó que la demandada no aducía hechos constitutivos de causa de acción en su contra fundándose en que a tenor con las disposiciones del artículo 143 del Código Civil, ed. 1930, 31 L.P.R.A. sec. 562, en el orden de las relaciones de alimentos entre parientes, el hijo natural reconocido no tiene derecho a reclamar alimentos del abuelo natural, padre legítimo de su padre natural. El tribunal de instancia desestimó esta defensa y dictó sentencia condenando a los demandados a satisfacer a los menores, en concepto de pensión alimenticia, la suma semanal de $25, distribuida en la siguiente forma: $10.00, el padre Luis Fernando Burgos y $15.00, el abuelo Pedro Burgos. Contra

dicha sentencia se interpuso el presente recurso de apelación. (1) ■

1. Aunque la cuestión no ha sido planteada por la parte apelada corresponde determinar previamente si el recurso plantea "una cuestión sustancial al amparo de la Constitución... de Puerto Rico", según se requiere por la sección 14 de la Ley de la Judicatura, según enmendada por la Ley Núm. 115 de 26 de junio de 1958, 4 L.P.R.A. (Ap. 1960) sec. 37, pág. 188. En la parte pertinente el escrito de apelación presentado en la secretaría del Tribunal Superior lee como sigue:

"La cuestión constitucional planteada por el Hon. Juez al dictar su sentencia y que es objeto de esta apelación, es *si no obstante el contenido de la sección 1 del Art. 14 de las disposiciones transitorias de la Constitución del Estado Libre Asociado de Puerto Rico,* que dispone, que al comenzar a regir esta Constitución, todas las leyes que no estén en conflicto con la misma, continuarán en vigor íntegrante hasta que sean enmendadas o derogadas, o hasta que cese su vigencia de acuerdo con sus propias disposiciones; el contenido de la Ley 17 de 20 de agosto de 1952, estableciendo la igualdad de derechos entre padre e hijos, tuvo o tiene el efecto de incluir en las disposiciones del Art. 562 del Código Civil (L.P.R.A.), página 482, la obligación del abuelo natural, de suministrar alimentos a sus nietos naturales, mediante declarar como resuelve el Hon. Juez, inexistente la palabra 'legítimos' del apartado 2 de dicho Art. 562, resolviendo por este medio, si además de la obligación exclusiva que por disposición de los Arts. 506 y 509 del Código Civil

---

(1) Aunque la reclamación se tramitó acogiéndose al procedimiento especial prescrito para el juicio de desahucio, artículo 618 del Código de Enjuiciamiento Civil, ed. 1933, 32 L.P.R.A. sec. 2971, el término para apelar era de treinta días, conforme a lo resuelto en *Pirazzi* v. *Vecchini,* 48 D.P.R. 710 (1935) y *Hornes* v. *Giusti,* 48 D.P.R. 257 (1935). Cfr. *Andino* v. *Fajardo Sugar,* 82 D.P.R. 85 (1961).

El demandado Pedro Burgos recurrió ante este Tribunal para impugnar la sentencia dictada mediante petición de revisión y solicitud de certiorari. Denegamos ambas. Recurso de revisión núm. 165, resuelto en 21 de agosto de 1959 y recurso de certiorari núm. 2507, resuelto en 26 de mayo del mismo año.

(L.P.R.A., páginas 468 y 472), se impone a los padres de los hijos naturales para alimentarlos, la judicatura tiene poderes para mediante legislación judicial, o por vía de interpretación de preceptos claros, declarar inexistente el vocablo 'legítimos' del apartado 2 del referido artículo 562, y crear por este medio una obligación general o subsidiaria de alimentos por los abuelos naturales, según sea el caso, o el derecho de enmendar una Ley mediante la supresión de vocablos que en ella existen, es absoluto de la Legislatura, y de los Tribunales tan sólo interpretar lo que consta escrito." ■

Para que pueda intentarse una apelación contra una sentencia final del Tribunal Superior en un asunto originado ante dicha sección del Tribunal de Primera Instancia no basta con alegar que se ha infringido un precepto constitucional. Es necesario que se trate de una cuestión sustancial. Según se expresó en un caso procedente de este Tribunal por la Corte de Apelaciones para el Primer Circuito, *Godreau* v. *Godreau*, 296 F.2d 326 (1961), no basta involucrar una supuesta cuestión constitucional cuando lo que se plantea, una vez diluído propiamente, se limita a levantar que la sentencia es errónea. "El mero error no plantea una cuestión constitucional", se dijo en la opinión per curiam emitida en el caso mencionado. En el presente caso no puede sostenerse que se trata de algo más que la imputación de error en la interpretación del artículo 143 del Código Civil, supra, considerado a la luz de la Ley Núm. 17 de 20 de agosto de 1952. Procede la desestimación de la apelación. ■

Ahora bien, conforme al inciso (f) de la sección 14 de la Ley de la Judicatura, según enmendada por la Ley Núm. 115 de 26 de junio de 1958, supra, "la presentación de un escrito de apelación en un caso en que sólo procede un auto de revisión, no será motivo suficiente para desestimar, y en tal caso el escrito de apelación se considerará a todos los fines pertinentes como si fuera una solicitud de auto de revisión debidamente presentada ante el Tribunal Supremo en la fecha en que se presentó dicho escrito en la secretaría del

Tribunal Superior." Sin embargo, como hemos indicado en el escolio 1 de esta opinión, la misma cuestión se planteó mediante solicitud de revisión y recayó una resolución del Tribunal en pleno declarándola sin lugar. En estas condiciones no estamos en libertad de alterar el ejercicio de discreción que dicha resolución conlleva.

*Se desestimará el recurso de apelación, por falta de jurisdicción.*

