CALDERÓN, ROSA–SILVA & VARGAS, demandantes y apelantes, *v.* JUAN A. GARCÍA, en su carácter de COMISIONADO DE SEGUROS Y LIQUIDADOR de THE COMMONWEALTH INS. CO. y la ASOCIACIÓN DE GARANTÍA DE SEGUROS DE TODAS CLASES, EXCEPTO DE VIDA, INCAPACIDAD Y SALUD, demandados y apelados.

*Número:* CE-86-331 *Resuelto:* 6 de abril de 1988

804

*David Rivé Rivera,* de *Vargas & Rivé,* abogado de los apelantes; *Rafael Ortiz Carrión, Procurador General* y *Dora T. Peñagarícano, Procuradora General Auxiliar,* abogados de El Pueblo; *Carlos M. Rivera Vicente* y *Roberto Febry Martínez,* de *Cancio, Nadal & Rivera, Pablo Carrasquillo,* abogados de la apelada.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

La parte demandante Calderón, Rosa-Silva y Vargas, un grupo de abogados dedicado a la práctica de la abogacía, presentó ante el Tribunal Superior, Sala de San Juan, una demanda contra, entre otros,(1) el Comisionado de Seguros de Puerto Rico, en su calidad de Liquidador de la Commonwealth Insurance Company y la Asociación de Garantía de Seguros de Todas Clases Excepto Vida, Incapacidad y Salud (en adelante Asociación de Garantía),(2) solicitó se declarara inconstitucional la Ley Núm. 30 de 11 de julio de 1978, en tanto y en cuanto afectaba la prioridad de sus reclamaciones

---

(1) También incluyó como demandados a "los miembros de una clase compuesta por los tenedores de pólizas, beneficiarios, asegurados y terceros reclamantes con reclamaciones que surjan de o estén dentro de las cubiertas de las pólizas y contratos de seguros emitidos por la Commonwealth Insurance Company, y que puedan tener reclamaciones preferidas a tenor con la Ley Núm. 30 de 11 de julio de 1978, 26 L.P.R.A. sec. 4012". Ap. I, pág. 48.

(2) La Asociación de Garantía de Seguros es una entidad creada al amparo del Código de Seguros de Puerto Rico, Cap. 38, Ley Núm. 134 de 23 de julio de 1974 (26 L.P.R.A. secs. 3801–3819).

por trabajos profesionales y desembolsos adelantados(3) a la Commonwealth Insurance Company, compañía de seguros en proceso de liquidación, y que se le ordenase al Comisionado de Seguros de Puerto Rico a "pagar las reclamaciones que surgieron con anterioridad al 11 de julio de 1978 conforme al orden de prioridades que establecía el Código de Seguros en ese momento". Demanda, Ap. I, pág. 50.

El 15 de abril de 1985 el tribunal dictó sentencia en la cual desestimó la demanda. Interpretó "que la preferencia que tienen las reclamaciones de la Asociación de Garantía sobre el activo de la aseguradora insolvente [Commonwealth Insurance Company] le había sido reconocida por la Ley que le creó, Ley Núm. 134 de 23 de julio de 1974 (26 L.P.R.A. sec. 3811(2)) y [que] la Ley Núm. 30 de 11 de julio de 1978 lo que hizo fue recopilar y reiterar en un solo artículo lo que previamente estaba estatuido en diversas disposiciones del Código de Seguros". Sentencia, Ap. C, pág. 4. Determinó también que "[e]l evento precipitante o punto de partida para determinar la responsabilidad o los derechos de la Asociación de Garantía, [era] la fecha de la adjudicación de insolvencia de la aseguradora y de la orden de su liquidación [28 de julio de 1978]". Íd., pág. 9.

De esta sentencia recurrió la parte demandante mediante la presentación de un escrito de apelación, en el cual escuetamente alega lo siguiente:

En este pleito y en la sentencia se planteó y se resolvió la siguiente cuestión constitucional: si la aplicación retroactiva de la Ley Núm. 30 de 11 de julio de 1978 (26 L.P.R.A. [sec.] 4012a) a los derechos de la demandante surgidos antes de la aprobación de dicha ley, violenta las disposiciones de la Sección 7 del Artículo II de la Constitución de Puerto Rico y las

---

(3) La parte demandante reclamaba la cantidad de $498,845.20 por concepto de trabajos profesionales y desembolsos adelantados.

[E]nmiendas V y XV de la Constitución de los Estados Unidos.(4) Escrito de Apelación, pág. 1.

Debemos resolver si este somero planteamiento nos pone en posición de determinar si procede o no la apelación por plantear el recurso una cuestión *constitucional sustancial*, y de no plantearla, en el ejercicio de nuestra discreción, guiados por los criterios establecidos en la Regla 19(a) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A, considerado el recurso como de revisión, debemos expedirlo.

I

*Trasfondo del derecho a apelar en casos civiles originados en el Tribunal Superior*

Tanto el Art. 35 de la Ley Orgánica de la Judicatura, Ley Núm. 432 de 15 de mayo de 1950,(5) 4 L.P.R.A. sec. 37 nt, como el Art. IV, Sec. 14 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 11 de 24 de julio de 1952 (4 L.P.R.A. sec. 37),(6) disponían para la apelación como cuestión de derecho de toda sentencia dictada en casos civiles o criminales originados en el Tribunal Superior. En el 1958, para enfrentarse a un problema de congestión y demora en el Tribunal Supremo, se enmendó la Sec. 14 a los

---

(4) Por lo somero del escrito de apelación lo hemos transcrito en su totalidad.

(5) El Art. 35 de la Ley Orgánica de la Judicatura, en su parte pertinente, disponía:

"Las sentencias, resoluciones y providencias dictadas por el Tribunal de Distrito de Puerto Rico [actual Tribunal Superior] en acciones y recursos de primera instancia podrán apelarse para ante el Tribunal Supremo de Puerto Rico dentro de los términos y condiciones establecidos por ley." 4 L.P.R.A. sec. 37 nt.

(6) El Art. IV, Sec. 14 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, en su parte pertinente, disponía:

"Las sentencias finales y resoluciones del Tribunal Superior que hasta el presente podían ser apeladas del Tribunal de Distrito, podrán ser apeladas al Tribunal Supremo de acuerdo con los términos y condiciones establecidos por ley y de conformidad con las reglas de procedimiento establecidas por el Tribunal Supremo . . . ." 1952 Leyes de Puerto Rico 41.

fines de limitar el derecho a apelar al Tribunal Supremo los casos civiles originados en el Tribunal Superior. Informe del P. de la C. 342 y P. de la C. 476 sobre: *La Congestión y Demora de los Litigios en Puerto Rico* de 2 de mayo de 1958; L. Blanco Lugo, *Nuevo Procedimiento de Apelación*, C. Abo. P.R., 15 de agosto de 1958; J. Trías Monge, *El Sistema Judicial de Puerto Rico*, Río Piedras, Ed. U.P.R., 1978, Cap. XIII, pág. 143.

La Ley Núm. 115 de 26 de junio de 1958 limitó las apelaciones en casos civiles originados en el Tribunal Superior a sentencias finales "en las cuales se plantea o resuelve una cuestión *constitucional sustancial* al amparo de la Constitución de los Estados Unidos o la de Puerto Rico".[7] (Énfasis suplido.) 4 L.P.R.A. sec. 37(a). Dispuso, además, que "[l]a presentación de un escrito de apelación en un caso en que sólo procede un auto, de revisión, no será motivo suficiente para desestimar; [en estos casos] el escrito de apelación se considerará a todos los fines pertinentes como si fuera una solicitud de auto de revisión . . .". 4 L.P.R.A. sec. 37(g). Esta trayectoria legislativa demuestra que la intención del legislador al enmendar la Ley de la Judicatura en el 1958 fue limitar el derecho a apelar en casos civiles originados en el Tribunal Superior y otorgar al Tribunal Supremo un margen de discreción, en todos los casos, aun en aquellos casos en donde se planteara una cuestión constitucional. Art. 19 del Código Civil, 31 L.P.R.A. sec. 19; *Díaz Marín* v. *Mun. de San Juan*, 117 D.P.R. 334 (1986); *Passalacqua* v. *Mun. de San Juan*, 116 D.P.R. 618 (1985); R. Elfrén Bernier, *Aproba-*

---

[7] En 4 L.P.R.A. sec. 37(b) se dispone que cualquier otra sentencia final en casos civiles originados en el Tribunal Superior podrá ser revisada discrecionalmente por el Tribunal Supremo mediante auto de revisión, y 4 L.P.R.A. sec. 37(f) dispone que de cualquier resolución del Tribunal Superior se podrá recurrir al Tribunal Supremo mediante el auto discrecional de *certiorari*.

*ción e interpretación de las leyes de Puerto Rico*, San Juan, Ed. Cultural, 1963, Cap. XII, pág. 147.

 Al interpretar esta disposición, en *Ortiz* v. *Burgos*, 85 D.P.R. 42, 45 (1962), dijimos que "[p]ara que pueda intentarse una apelación contra una sentencia final del Tribunal Superior . . . no basta con alegar que se ha infringido un precepto constitucional. Es necesario que se trate de una cuestión *sustancial*. . . . [N]o basta involucrar una supuesta cuestión constitucional cuando lo que se plantea, una vez dilu[i]do propiamente, se limita a levantar que la sentencia es errónea". (Énfasis suplido.) Véanse, también: *Castrillo* v. *Maldonado*, 95 D.P.R. 885 (1968); *Soltero Peralta* v. *Srio. de Hacienda*, 86 D.P.R. 26, 28 (1962); *Godreau* v. *Godreau*, 296 F.2d 326 (1er Cir. 1961). En *Fuentes* v. *Srio. de Hacienda*, 85 D.P.R. 492, 512–513 (1962), hicimos hincapié en que la cuestión planteada o resuelta para que cualificase como apelación tenía que ser *sustancial*. También resolvimos que para que se pudiese considerar el escrito de apelación como recurso de revisión, tenía que llenar los requisitos de una solicitud de revisión. Finalmente, expresamos recientemente que "no existe tal cuestión [constitucional sustancial] si un examen del planteamiento invocado refleja la presencia de un error, que tiende a involucrar un argumento constitucional inexistente". *Com. de la Mujer* v. *Srio. de Justicia*, 109 D.P.R. 715, 720 (1980). A pesar de todas estas expresiones no hemos analizado ni definido el concepto *cuestión constitucional sustancial*. Tampoco hemos indicado los criterios que tomamos en consideración al determinar si procede o no un recurso de apelación.

## II

*Cuestión constitucional sustancial*

 La Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que "[l]a apelación [de un caso civil origi-

nado en el Tribunal Superior] se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso, y copia del mismo en la secretaría del [Tribunal Supremo], dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia". El escrito de apelación señalará la cuestión o cuestiones constitucionales *sustanciales* planteadas, Regla 53.2 de Procedimiento Civil,(8) 32 L.P.R.A. Ap. III, y dentro de los treinta (30) días de presentado, el Secretario del tribunal apelado elevará el expediente de apelación al Tribunal Supremo. Regla 53.7 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Una vez recibido el expediente el Secretario de este Tribunal anotará el caso en el libro-registro correspondiente, notificará de su presentación a los abogados de las partes así como al Secretario del Tribunal Superior, Regla 35(m) del Reglamento del Tribunal Supremo,(9) 4 L.P.R.A. Ap. I-A, y turnará el recurso para ser considerado por el Pleno del Tribunal. En la reunión del Pleno del Tribunal en que se considere el recurso se determinará, de acuerdo con el escrito y expediente de apelación, si existe o no una cuestión *constitucional sustancial* y, de no existir ésta, si el escrito considerado como recurso de revisión debe o no expedirse. El apelante, en el escrito de apelación, tiene el peso de persuadir al Tribunal de que existe una cuestión constitucional de tal envergadura que pueda considerarse sustancial, de forma tal que el recurso proceda como cuestión de derecho.

---

(8) Sobre el procedimiento de apelación, véase también la Regla 15 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A.

(9) *Regla 16. Alegatos en apelación*

"(a) Dentro de los treinta días del recibo de la notificación a que hace referencia la Regla 35(m), el apelante presentará al Tribunal su alegato, el cual deberá cumplir con las disposiciones de la Regla 33.

"(b) Dentro de los 30 días del recibo de la copia del alegato del apelante, el apelado presentará al Tribunal su alegato, el cual también cumplirá con las disposiciones de la Regla 33." 4 L.P.R.A. Ap. I-A, R. 16.

Además, si el apelante interesa que el Tribunal, de encontrar que no existe una cuestión *constitucional sustancial*, considere el recurso como una solicitud de revisión y la expida, debe también en el escrito de apelación poner al Tribunal en posición de determinar si en el ejercicio de su discreción y a la luz de los criterios establecidos en la Regla 19(a) del Reglamento del Tribunal Supremo, *supra*, se debe expedir el auto. El escrito de apelación no podrá ser suplementado ni sus defectos subsanados mediante la presentación de una solicitud de reconsideración. Tampoco consideraremos los alegatos para suplir las deficiencias del escrito de apelación. R. Serrano Geyls, *Derecho Constitucional de Estados Unidos y Puerto Rico*, Río Piedras, C. Abo. P.R., Inst. Educ. Práct., 1986, Vol. 1, Cap. 2, Sec. 12, págs. 93–96; R. Stern, E. Gressmass y S. Shapiro, *Supreme Court Practice: for practice in the Supreme Court of the United States*, 6ta ed., Washington, Ed. BNA, 1986, Secs. 7.9, 7.10, 7.11, págs. 411–418; R. Rotunda, J. Nowak y N. Young, *Treatise on Constitutional Law: Substance and Procedure*, Minnesota, Ed. West, 1980, Vol. 1, Cap. 2, Sec. 2.4., págs. 48–51.

Al determinar si existe una cuestión *constitucional sustancial* el Tribunal tomará en consideración, entre otros, los criterios siguientes:[10] (1) que se plantea realmente una cuestión constitucional; *Ortiz* v. *Burgos*, supra; *Sugarman* v. *United States*, 249 U.S. 182, 184 (1918); (2) que ésta se le planteó, específicamente y a tiempo, al tribunal de instancia; *Oller* v. *Purcell Bauzá*, 92 D.P.R. 148 (1965); *Collazo Vda. Texidor* v. *Pueblo*, 46 D.P.R. 164 (1934); *Casalduc et al.* v. *La Compañía Trasatlántica de Hamburgo*, 9 D.P.R. 350 (1905); *Cayol* v. *Balseiro & Georgetti*, 3 D.P.R. 178 (1903); (3) que la

---

[10] En términos generales, véanse: F.J. Ulman y F.H. Spears, *Dismissed for Want of a Substantial Federal Question*, 20 Bos. Univ. L. Rev. 501 (1940); *Zucht* v. *King*, 260 U.S. 174 (1922).

cuestión constitucional es esencial para la decisión del tribunal de instancia, que no hay otras alternativas disponibles para resolver el asunto; *Rodríguez Ríos* v. *E.L.A.*, 116 D.P.R. 102 (1985); *Milán Rodríguez* v. *Muñoz*, 110 D.P.R. 610, 618 (1981); *Suárez Sánchez* v. *Tribunal Superior*, 92 D.P.R. 507 (1965); *E.L.A.* v. *Aguayo*, 80 D.P.R. 552 (1958); (4) que el recurso no es frívolo; Regla 32(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A; *Otero Fernández* v. *Alguacil*, 116 D.P.R. 733 (1985); *Fournier* v. *González*, 80 D.P.R. 353, 356 (1958); (5) que la cuestión constitucional no ha sido resuelta y de haber sido resuelta, se deben demostrar los fundamentos constitucionales y de política pública que existen para revocar el precedente; 16 *Wright, Miller, Cooper & Gressmass, Federal Practice and Procedure* Sec. 4014 (1977); *Equitable Life Assurance Society* v. *Brown*, 187 U.S. 308 (1902); (6) que el apelante tiene la capacidad jurídica (*standing*) para plantear la cuestión constitucional; *E.L.A.* v. *P.R. Tel. Co.*, 114 D.P.R. 394, 396–401 (1983); *Com. de la Mujer* v. *Srio. de Justicia*, supra; *Zachry International* v. *Tribunal Superior*, 104 D.P.R. 267, 271–275 (1975); *Salas Soler* v. *Srio. de Agricultura*, 102 D.P.R. 716, 723–724 (1974), o (7) que uno o más jueces de instancia han declarado inconstitucional la ley o conducta a que se refiere el caso.

Analizados el escrito de apelación y el expediente de apelación encontramos que el caso de autos no plantea realmente una cuestión constitucional. Estamos simplemente ante un caso de interpretación estatutaria de una reglamentación de carácter económico:([11]) la Ley Núm. 134 de 23 de

---

([11]) Hemos resuelto que el análisis aplicable a este tipo de reglamentación es el de escrutinio mínimo o criterio de razonabilidad, cuando se reclama que se afectan adversamente los derechos económicos de una parte ante la aplicación retroactiva de una ley. *Warner Lambert Co.* v. *Tribunal Superior*, 101 D.P.R. 378 (1973). En el ejercicio del poder de razón de estado, la Legislatura tiene una amplia facultad para la reglamentación de carácter económico sujeta únicamente a las limitaciones impuestas por la garantía del debido proceso de ley. Estas limitaciones tan sólo requieren que la reglamentación no sea irrazonable, arbitraria o

julio de 1974, *supra*, y la Ley Núm. 30 de 4 de junio de 1978, *supra*.([12]) Concluimos, por lo tanto, que la apelante no ha de-

---

caprichosa y que el medio elegido tenga un nexo racional con los propósitos que persigue el estatuto. *Marina Ind., Inc.* v. *Brown Boveri Corp.*, 114 D.P.R. 64 (1983) y casos allí citados. Es norma vigente que la simple esperanza o expectativa de que una ley siga en su forma original jamás puede ser considerada como derecho adquirido. *Vázquez* v. *Morales*, 114 D.P.R. 822 (1983); *Vélez* v. *Srio. de Justicia*, 115 D.P.R. 533 (1984).

En relación con la aplicación retroactiva de este tipo de legislación, véanse, también: *Vázquez* v. *Morales*, 114 D.P.R. 822 (1983); *Vélez* v. *Srio. de Justicia*, 115 D.P.R. 533 (1984).

([12]) En el Informe de las Comisiones de Comercio e Industria y de lo Jurídico Civil de la Cámara de Representantes se expresa lo siguiente en relación con el propósito de la enmienda de 1978:

"A tono con las enmiendas sugeridas por la Asociación Nacional de Comisionados de Seguros, . . . la Oficina del Comisionado entiende que es necesario introducir las siguientes enmiendas tanto al Capítulo 38 como al Capítulo 40, mediante el cual el Comisionado, en calidad de liquidador, continúa la personalidad del asegurador declarado insolvente hasta su liquidación. *El propósito de las mismas persigue corregir el estilo en la redacción de la ley, dándole mayor precisión y claridad en sus expresiones, establecer uniformidad en nuestra ley con la Ley Modelo de la Asociación Nacional de Comisionados de Seguros e introducir e incorporar enmiendas a la misma que atemperen ésta a las realidades puertorriqueñas.*" (Énfasis suplido.) Ap. E, pág. 19.

Con respecto a las enmiendas a los Arts. 40.120 y 40.121 del Código de Seguros, 26 L.P.R.A. secs. 4012 y 4012a, dicho informe señala:

"Artículos 40.120 y 40.121. *Accesibilidad a los Activos del Asegurador Insolvente*

"Se propone la presente enmienda para que las asociaciones de garantía tengan derecho a usar los activos existentes del asegurador insolvente como un balance inmediato a los dineros adelantados por la Asociación, por concepto del pago de reclamaciones por ésta a los tenedores de pólizas y reclamantes, teniendo éstos prioridad sobre las reclamaciones de acreedores generales.

"Normalmente toma años para que el liquidador del caudal de un asegurador insolvente reúna todos los activos y pasivos de éste. Estimamos que tomaría varios años para ello y sería al cabo de éstos, que los activos pudieran distribuirse de acuerdo a las prioridades establecidas por estatuto. A esa fecha sería que las asociaciones de garantía advendrían al derecho de recibir una cantidad fija por dólar del caudal, basado en la cantidad pagada por el fondo de las asociaciones de garantía a los tenedores de pólizas y reclamantes. Resulta equitativo y justo que el fondo de garantía reciba un adelanto del caudal del asegurador insolvente para facilitar la operación inmediata de los diversos fondos de las asociaciones de garantía y para reducir los potenciales daños y el costo a los tenedores de pólizas de los diversos fondos de garantía. Se evitará a su vez cargas inequitativas a diferentes generaciones de tenedores de pólizas.

"A esos efectos se adiciona el Artículo 40.121." Servicio Legislativo de Puerto Rico, 1978, pág. 854 y ss.; véase, en igual sentido, el Informe Conjunto presentado ante el Senado de Puerto Rico, Ap. E, pág. 29 y ss.

mostrado que exista una cuestión *constitucional sustancial* que le dé derecho a que este Tribunal entienda en el recurso como una apelación.

Pasemos ahora a considerar si procede, al tomar el somero escrito de apelación como una solicitud de revisión, en el ejercicio de nuestra discreción expedir.

■ El recurso de revisión va dirigido a la discreción del Tribunal. 4 L.P.R.A. sec. 37(d); *Vda. de López* v. *García Espinosa*, 82 D.P.R. 702 (1962); *Andino* v. *Fajardo Sugar Company*, 82 D.P.R. 492 (1961). Para mover esta discreción, el recurrente tiene que ponernos en posición de decidir si le asiste o no la razón en derecho en relación con el error planteado y si a la luz de los criterios establecidos en la Regla 19(a) del Reglamento del Tribunal Supremo, *supra*, debe expedirse el recurso de revisión. El escueto escrito de apelación en este caso no llena los requisitos necesarios para ser considerado como una solicitud de revisión. El apelante no nos ha puesto en posición de así hacerlo. *González* v. *Srio. de Hacienda*, supra, pág. 513.

Conscientes de que es la primera vez que detallamos los criterios que tomamos en consideración en una apelación civil para determinar si existe cuestión constitucional sustancial, a manera de excepción, hemos examinado los alegatos sometidos por las partes. De ellos surge que la controversia versa estrictamente sobre una interpretación estatutaria. Un análisis y estudio de los planteamientos de derecho· allí esbozados nos lleva a concluir que, en el ejercicio de nuestra discreción, el recurso debe ser denegado.

Por todo lo antes expuesto, al amparo de lo dispuesto en la Regla 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A, *se dictará sentencia que desestima la apelación interpuesta por no plantear una cuestión constitucional sustancial y se deniega la expedición del recurso una vez considerado como una solicitud de revisión.*

Los Jueces Asociados Señores Negrón García y Ortiz concurren en el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López disiente sin opinión escrita.