Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Se presenta un recurso de certiorari de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, la cual denegó una solicitud para que se le realizara un examen de sangre y orina al aquí recurrido.
De un estudio del recurso y los documentos que lo acompañan no se mueve nuestra discreción para expedir el auto solicitado por los siguientes fundamentos.
I
Los hechos en el presente caso se resumen de la siguiente forma. La parte peticionaria y el recurrido procrearon una niña de nombre Nicole Marie del Toro Pagán, la cual tiene 4 años de edad. El recurrido radicó una causa de acción sobre pensión alimenticia y relaciones paterno filiales aproximadamente para el día 15 de noviembre de 1994. La parte aquí peticionaria contestó la demanda y alegó entre otras cosas que el recurrido presenta una conducta amenazante, violenta y peligrosa hacia ella y la niña y que en muchas ocasiones utilizó la sustancia controlada marihuana ante su presencia. Que dadas estas circunstancias solicita que se le realice unas pruebas de sangre y orina para determinar si es usuario de drogas. (Ap. C.)
La peticionaria acompañó dicha moción en el tribunal de instancia con una declaración jurada en la cual se limitaba a expresar que "en muchas [ o Jcasiones presencié cuando el demandante José del Toro fumó marihuana a pesar de mis objeciones." (Ap. C.) No se incluye en dicha declaración jurada expresión alguna sobre fecha aproximada en que ocurrieron los alegados eventos, lugares y demás circunstancias. De otra parte no hay circunstancias que determinen si tales actos fueron remotos o recientes al presente, de manera que se puedan vincular con la conducta actual del recurrido.
II
Resolvemos que el tribunal de instancia no incidió al denegar en esta etapa del procedimiento la solicitud para que se le realizara el examen de sangre y orina al recurrido, al concluir que las alegaciones presentadas eran ambiguas y remotas a la controversia. 
La Regla 32.1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que en un pleito en donde el estado mental o físico de una parte esté en controversia, el tribunal podrá ordenar a que dicha parte se someta a un examen físico o mental a realizarse por un médico. Esta facultad inherente que tienen los tribunales para que en el uso de su discreción autoricen que se realicen los exámenes *956 físicos, no constituyen una violación a los derechos de la persona. Bahr v. Am. Railroad, Co., 61 D.P.R. 917, 922-926 (1943). No obstante, debe probarse por el promovente de la moción que dicha condición está en controversia conforme lo determina la Regla 32.1, de Procedimiento Civil. Ortiz v. Peña, 108 D.P.R. 458, 467 (1979).
Es norma reconocida que compete al tribunal de instancia el determinar la manera en que se deben tramitar los asuntos ante su consideración, inclusive en la etapa del descubrimiento de pmeba, de forma rápida, económica y justa para todas las partes. García Negrón v. Tribunal Superior, 104 D.P.R. 727, 738-739 (1976). En ausencia de abuso o arbitrariedad por parte del tribunal de instancia al descargar tal responsabilidad, nosotros como tribunal revisor nos abstenemos de intervenir con la misma. Cf. Calderón Rosa Silva & Vargas v. García, 120 D.P.R. 803, 814 (1988).
ni
De otra parte la peticionaria tiene disponible los mecanismos que le ofrece las reglas sobre descubrimiento de pmeba entre otros; interrogatorios, deposiciones y requerimientos de admisiones para prepararse de manera efectiva en cuanto a sus alegaciones e inclusive de ser necesario el requerir del auxilio del tribunal para que el mismo se lleve a cabo de manera eficiente. Regla 23, de Procedimiento Civil; Medina Morales v. Merck. Sharp & Dohme, etc., opinión de 7 de abril de 1994, 94 J.T.S. 52, pág. 11781.
En adición el tribunal de instancia siempre tiene la autoridad dentro del marco legal correspondiente, para permitir el descubrimiento de aquella pmeba que sea necesaria para lograr la búsqueda de la verdad, que es el fin primordial de todo procedimiento. General Electric v. Concessionaires. Inc., 118 D.P.R. 32, 38 .(1986); Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959). 
Por los fundamentos antes mencionados, se deniega expedir el auto de certiorari solicitado.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cmz
Secretaria General
ESCOLIOS 95 DTA 244
1. Se hace constar que el tribunal de instancia resolvió la moción de examen de sangre y orina y su reconsideración con un no ha lugar. La parte peticionaria alega y argumenta como errores del tribunal de instancia los fundamentos que se expresaron por la parte recurrida en su moción en oposición a que se emitiera la orden. Véase Petición, págs. 6 a 9.
2. Debe tenerse en consideración que por la naturaleza e interés del estado en el bienestar de los menores, se requiere en estas causas de acción de una investigación por parte de trabajadores sociales asignados por el tribunal, los cuales rinden un informe.